**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOHN DAVID SMITH, et al.,

Plaintiffs,

v. CIVIL ACTION NO. 2:07-cv-00553

LISA BOOTH, et al.,

Defendants.

**ORDER**

Pending before the court are the plaintiffs' Motions to Remand [Docket 4-5] this action to the Circuit Court of Mingo County, West Virginia. The plaintiffs, John David Smith and Ashley Smith, contend that because they have filed unilateral stipulations that they will not seek more than $74,500 in recovery in this action, the amount in controversy does not exceed $75,000 as is required for the court to have diversity jurisdiction under 28 U.S.C. § 1332. The defendants, Lisa Booth and George David Booth, did not respond to the motions and presumably rely on their Notice of Removal [Docket 1]. After reviewing the Notice of Removal and Motions to Remand, the court **REMANDS** this case to the Circuit Court of Mingo County, West Virginia.

**I. Background**

This action, originally filed in the Circuit Court of Mingo County, West Virginia, arises from an automobile accident that occurred on March 5, 2007, on Breeden Mountain, Mingo County, West Virginia. (Compl. ¶ 3-6, attached as Exhibit D to Def.'s Notice of Removal.) The plaintiffs, the Smiths, allege that Lisa Booth negligently operated a minivan owned by George David Booth, and in so doing, struck the vehicle operated by John David Smith. (Compl. ¶ 4-5.) As a result of the

accident, the plaintiffs allege that John David Smith suffered "severe and permanent injuries in and to his person." (Compl. ¶ 6.) The plaintiffs seek damages for "an undetermined amount of medical expenses," "mental and physical pain and suffering," "permanent and serious injuries to various parts of the body," impairment of John David Smith's ability to work, and impairment of his "ability to enjoy his family and life in general." (Compl. ¶ 6.) The plaintiffs also seek damages for Ashley Smith's loss of consortium with her husband. (Compl. ¶ 6.) The plaintiffs do not allege a specific amount of damages in the complaint.

The defendants timely removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. The basis for federal jurisdiction is diversity under 28 U.S.C. § 1332. Following removal, the plaintiffs filed the Motions to Remand that are pending before this court.

## II. Discussion

### A. Applicable Law

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly because of the significant federalism concerns removal implicates. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 , 151 (4th Cir. 1994). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* Accordingly, when federal jurisdiction is based on diversity under 28 U.S.C. § 1332, the defendant bears the burden of proving that the suit is between citizens of different states and that the amount

in controversy exceeds the jurisdictional amount of $75,000. *See Sayre v. Potts*, 32 F. Supp. 2d 881, 883-84 (S.D. W. Va. 1999).

Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, i.e., that it is more likely than not, that the amount in controversy exceeds $75,000. *Sayre*, 32 F. Supp. 2d at 886. "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000." *Id.* Rather, the defendant must supply some evidence to support his claim regarding the amount in controversy. *Id.* The defendant may rely on the "entirety of the facts and circumstances comprising the plaintiff's damage claim." *Id.*

In addressing the propriety or removal, courts look to "the record existing at the time the petition for removal was filed." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). "Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* Despite the burden being on the defendant to prove that the amount in controversy exceeds the jurisdictional amount, a court "may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *White v. J. C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994). A court can consider, for example, the type and extent of the plaintiff's injuries, the possible damages recoverable, and settlement demands made by the plaintiff prior to removal. *Sayre*, 288 F. Supp. 2d at 886. Importantly, "in reaching a conclusion with regard to the amount in controversy based upon this evidence, the court 'is not required to leave its common sense behind.'" *Id.* at 886-87 (quoting *Mullins v. Harry's Mobile Homes Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)).

B. Analysis

It is undisputed that the plaintiffs are citizens of West Virginia and the defendants are citizens of Kentucky. (Def.'s Notice of Removal ¶ 5.) The "diversity" requirement of 28 U.S.C. § 1332(a)(1) thus being met, the only remaining issue is whether the defendants have met their burden of proving that the amount in controversy exceeds the jurisdictional amount. The defendants have not responded to the plaintiffs' Motions to Remand. Thus, the defendants' only evidence regarding the amount in controversy is that set out in the Notice of Removal. In that notice, the defendants list the damages asserted in the plaintiffs' complaint and find that the damages exceed the jurisdictional amount because "Defendants, Lisa Booth and George David Booth, state, in good faith and upon information and belief, that the amount in controversy exceeds Seventy-Five thousand Dollars ($75,000.00) exclusive of costs and interest." (Def.'s Notice of Removal ¶ 3, 6.) Merely alleging that the amount in controversy exceeds the jurisdictional amount, however, fails to prove by a preponderance of the evidence that diversity jurisdiction exists.

The defendants do point toward the plaintiffs' complaint, and this court has recognized that the complaint is the starting point for ascertaining whether the amount in controversy is met. *Sayre*, 32 F. Supp. 2d at 887. The complaint alleges that John David Smith's injuries were permanent and severe in nature. It also seeks damages for, among other things, medical expenses, mental and physical pain and suffering, impairment of work ability, and lost wages. Common sense suggests that these sorts of damages, if proven, could very well exceed $75,000. In *Sayre*, however, this court denied a motion to remand in an automobile accident case with a complaint similar to that present here, but the allegations in the complaint did not determine the outcome. 32 F. Supp. 2d at 887 ("Those kinds of allegations, in the absence of an *ad damnum* clause, are evidence supporting the

defendant's contention that the amount in dispute is in excess of the jurisdictional amount. In light of the other information in the complaint, however, those allegations, standing alone, would not carry the burden."). Instead, this court relied on "materials relating to settlement negotiations that reflect[ed] upon the extent of Mrs. Sayre's injuries and the amount in controversy." *Id.* at 883. Likewise, in *McCoy v. Erie Insurance Co.*, 147 F. Supp. 2d 481(S.D. W. Va. 2001), another case where a motion to remand was denied, the defendant provided the court with an affidavit in which an employee of the defendant explained why the amount in controversy exceeded $75,000. *McCoy*, 147 F. Supp. 2d at 493.

The defendants in this case have not provided the court with any settlement negotiation materials or explanatory affidavits. Nor has any evidence been presented by either party regarding the specific type and extent of the plaintiffs' injuries or the amounts awarded in similar cases. Without such evidence, it is impossible to evaluate whether or not the amount in controversy has been met. Because the defendants have provided the court with no evidence supporting their conclusory allegation that the amount in controversy exceeds the jurisdictional amount, I **FIND** that the defendants have not proved by a preponderance of the evidence that a judgment in the plaintiffs favor would exceed the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332.

I make this finding without relying on the plaintiffs' post-removal unilateral stipulations that they "will limit their total recovery in this action no more than $74,500.00 and . . . not seek to recover nor accept more than $74,500.00 in this matter." (Def.'s Notice of Removal.) As noted previously, courts addressing the propriety of removal and remand look to the record at the time of removal. *Sayre*, 32 F. Supp. 2d at 886. The stipulations filed by the plaintiffs in the instant case, however, were not made until after the defendants filed their Notice of Removal. Accordingly, I

cannot base my decision on these stipulations. Moreover, the court in *McCoy* addressed "the extent to which a plaintiff's unilateral stipulation may impact an amount in controversy determination." *McCoy*, 147 F. Supp. 2d at 485. The court reasoned that to prevent "unseemly forum gaming," plaintiffs who wish to avoid removal to federal court should file "a formal, truly binding, pre-removal stipulation" and should do so "contemporaneously with the complaint." *Id.* at 485-86. Had the plaintiffs followed the approach outlined in Judge Haden's well-reasoned opinion, I could have given weight to their stipulations.

**III. Conclusion**

The defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because of this, and because a court has an obligation to remand to state court when federal jurisdiction is doubtful, the court **GRANTS** plaintiffs' Motions to Remand [Docket 4-5] and **REMANDS** this case to the Circuit Court of Mingo County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 9, 2007

Joseph R. Goodwin

Joseph R. Goodwin, Chief Judge